## PAYNE & *ux. vs.* PARKER.

*Payne* held an estate in right of his wife, subject to *right of dower* in his wife's mother, but which had never been demanded or assigned. *Payne* conveyed the estate to another, his wife signing the deed, which, after a general description contained the following ; " *meaning* to convey all the right and " interest which *Eliza Ann Butterfield*, now my wife, *Eliza Ann Payne*, has " or ever had, in said land," " *except the right to her mother's thirds, which I re-* " *serve a right to claim at the decease of the mother of said Eliza."* Held, that the exception must be construed to be of the *reversion* of the dower, and not *the dower itself ;* — and that, no dower having been assigned by metes and bounds, the grantee took by his deed *two thirds* of the estate *in common and undivided.*

A deed of land held in right of the wife, is ineffectual to pass the fee simple estate, where the wife, though she sign and seal the deed, yet does not join her husband *as a party in the conveyance.*

THIS was a writ of entry wherein the plaintiffs demanded, in right of the wife, *one undivided third part* of a lot of land in *Buxton.* On the trial of this action before *Parris J.* it appeared that *Eliza Ann Payne,* one of the defendants, and formerly *Eliza Ann Butterfield,* was sole heir to *Samuel Butterfield,* who, it was admitted, was at the time of his decease sole owner in fee of the entire tract described in the plaintiffs' writ.

The tenant relied upon a deed to him, executed by the demandants, *June* 24, 1829, after the decease of *Samuel Butterfield.* In this deed the wife did not join the husband *as a party in the conveyance,* though the deed was *signed and sealed* by her. The description, &c. was in the following words : " A certain piece " of land situated in *Buxton,* in the *State* of *Maine,* and coun-" ty of *York,* being that part of the 22d lot on letter C, in the " third division of lots in said *Buxton,* being the same which " *Boaz Rich* of *Standish,* conveyed by deed to *Samuel Butter-*" *field,* since deceased ; this having particular reference to said " *Rich's* deed for boundaries and extent ; meaning to convey " all the right and interest which *Eliza Ann Butterfield,* daugh-" ter of said deceased, now my wife, *Eliza Ann Payne,* has or " ever had in said land, and all right to said deceased's estate, " both personal and real ; *except the right to her mother's thirds,*

" *which I reserve a right to claim at the decease of the mother of*
" *said Eliza.*"

About seventeen years prior to this conveyance, *Parker*, the
defendant, married the widow of *Butterfield,* and moved on
to the farm, of which the demanded premises constitute a part.
*No dower, however, was ever assigned to the widow out of But-
terfield's estate.*

After her death, and prior to the commencement of this ac-
tion, *Payne* made an entry into the demanded premises in right
of his wife.

If in the opinion of the Court the plaintiffs were entitled to
recover, the tenant was to be defaulted, otherwise, the plaintiffs
were to become nonsuit.

*J. & E. Shepley,* for the defendant, argued :

1. That the reservation, or part excepted in this deed, is so
uncertain, and indefinite, that it can never be located, and is
therefore void. *Jackson v. Hudson,* 3 *Johns. R.* 375 ; *Jackson
v. Gardner,* 8 *Johns. R.* 394.

The intention of the parties could not have been to convey
two undivided third parts only, for then the deed would not
have embraced *the whole estate,* as it does. What was design-
ed to be excepted was some well defined and bounded territory,
and reference for such bounds is made to the thirds. The thing
referred to, not being in existence, there is a failure of any de-
scription whatever. The exception is therefore void for uncer-
tainty.

2. But if the construction of the deed should be, that 'one
third in common is reserved, — then it is contended that the
exception is void, on the ground of its repugnancy to the grant.

" If a man leases 20 acres excepting one acre, the exception
" is void." *Com. Dig. F. E.* 5. *Exception.* " So if a man
" grant *totum statum et inter esse suum* except the moiety, it shall
" be void." *id.*

These principles are adopted, and are the ground of the de-
cision in the case of *Cutler v. Tufts,* 3 *Pick.* 272.

It is stated in that case, that if a grantor sell *a moiety,* and then
say he means *one fourth,* the restriction is void, as repugnant.

Upon the same principle, in this deed a clear grant of all title and interest, is utterly inconsistent with, and repugnant to a reservation or an excepton of one third part in common.

Nor is the case of *Sprague v. Snow & al.* 4 *Pick.* 54, opposed to this view. In that case, the description in the deed was general. In this case, the grantor conveys " *all the right and interest,*" — and then follows, that, which (if the decision of the Court be in favour of the plaintiffs) must be regarded as excepting one undivided third of the whole property, and not a particularpiece of it, out of " *all the interest.*"

*D. Goodenow,* on the other side, controverted the positions taken by the counsel for the defendant, and cited *Allen v. Crosby,* 6 *Greenl.* 453 ; and *Fairbanks & al. v. Williamson,* 7 *Greenl.* 96.

The opinion of the Court was delivered at a subsequent term, as drawn up by

MELLEN C. J.— The deed on which the tenant relies is drawn very inartificially, and, considering the circumstances in which the grantor stood, in respect to the property therein described, it presents to the eye of a lawyer, a confusion of ideas, and no little ignorance of legal principles. Hence, the true construction of the deed is not unattended with some difficulties. Still, the real intention of the parties to the transaction, we apprehend, may be easily understood. As the wife of *Payne* signed the deed with her husband, she then owning the fee of the estate described, it was doubtless considered as an effectual conveyance of all the right and title thereto which she *then* had or *ever* had, except her reversionary interest and estate in that portion of the land described, which should be assigned to her mother, as her dower, she being the widow of *Samuel Butterfield,* the former owner, from whom all the property descended to *Mrs. Payne,* his only child and heir. Or, to speak in common and familiar language, the object was, not to *convey,* but to *except,* the *reversion of the widow's dower.* The questions are, whether the intention of the parties can be legally carried

Payne & ux. *v.* Parker.

into effect, and if it can, then, in what manner, consistently with legal principles.

It is very clear that, though *Mrs. Payne* signed and sealed the deed, she did not join, as a party in the conveyance, and she does not appear, as a grantor, in any part of the deed. The only way in which a married woman can convey an estate belonging to her is, by joining with her husband in a deed of conveyance, and by the use of proper terms of conveyance, effecting the object in view. Her fee simple estate, therefore, was not conveyed by the deed before us, in any part or portion of the lands therein described. *Lithgow v. Kavanaugh, 9 Mass.* 161. But as *Payne,* the husband, was in virtue of the marriage, seised of a *freehold estate,* in right of his wife, in the lands described in the deed, the same operated, notwithstanding the clumsy manner in which it was drawn, by way of estoppel, to convey to the tenant all the right and title as to every part and portion of the premises described, and *not legally excepted.* What will be the rights of the wife or her heirs after the death of *Payne,* is a question as to which we are not called upon to intimate any opinion.

Our next inquiry is, whether the exception in the deed is a good one. It is contended by the counsel for the tenant, that it is perfectly void, on the ground of repugnancy to the grant that precedes it.

We have already stated what must have been the meaning of the grantor in the blundering language of the exception; " except the right to her mother's thirds, which I reserve a right " to claim at the decease of the mother of said *Eliza.*" A literal construction would render the exception the merest absurdity. The grantor had no right to the " mother's thirds," and there could be none for him to claim at her decease. The true construction must be what the parties fairly intended, the *reversion of her dower.* Indeed, the counsel have adopted this construction in the argument. " An exception is ever a part of the " thing granted and of a thing *in esse;* as an acre out of a manor." 1 *Inst.* 47. " If a man makes a grant, he may make an excep- " tion out of the *generality* of the grant; but an exception of

" a thing certain out of a *thing particular*, is void; as if a man
" leases *twenty* acres, excepting *one* acre." *Comyn's Dig. F. E.*
5. *Exception.* The land in the deed is described thus, " being
" that part of the 22d lot on letter C, in the third division of
" lots, in said *Buxton*; being the same which *Boaz Rich* of
" *Standish*, conveyed by deed to *Samuel Butterfield*, since de-
" ceased; this having particular reference to said *Rich's* deed
" for boundaries and extent; meaning to convey all the right
" and interest which *Eliza Ann Butterfield*, daughter of said
" deceased, now my wife, *Eliza Ann Payne*, has or ever had in
" said land, and all my right to said deceased's estate, both real
" and personal, except," &c. &c.

We are not furnished with a copy of the deed referred to, nor
do we know how the land is described, or the number of acres.
The only facts we know, are, that the land conveyed is a part of lot
No. 22, in a certain division and town, and purchased of *Rich*.
According to the above definition of a good exception, how can
we pronounce the exception as repugnant to the grant; — as
" a thing certain out of a thing particular." The description
in the deed as presented to our view, is more *general* than *par-
ticular*; it is a grant of all the wife's interest and estate which
descended to her from her father. In the case of *Cutler v.
Tufts*, cited and relied upon by the counsel for the tenant, there
was a palpable repugnancy. The grant was of an undivided
*moiety*, and by reference to another deed the *moiety* was reduc-
ed to *one fourth part*. Viewing the deed in that light, the
Court said, that by reason, as well as according to authorities,
the latter clause ought to be rejected as repugnant and void.
But that case was different from the present in most of its par-
ticulars. In the above case the Court speak of the rule laid
down by *Coke* as merely technical, which ought not to be acted
upon but in the last resort, as it might force upon the Court a
construction different from the intent of the parties. We ap-
prehend, also, that the ancient principle or rule of construction
as to exceptions in deeds of conveyance, is applied at the pre-
sent day with less strictness and severity than formerly, so as
better to carry into effect the manifest intention of the parties.

On the whole, we do not perceive in this case any principle of law, or rule of construction, which requires us to pronounce the exception in the deed we are examining, as repugnant and void. What then are the effect and operation of the exception? At the time the deed was executed, the land was subject to the *right of dower* of the widow of *Samuel Butterfield*; but no dower had then been assigned; and no one could decide in what part of the premises it would be assigned; and for that obvious reason, it was impossible for the grantor to except the *reversionary interest* of his wife by metes and bounds; and, as the *excepted* interest or estate could not be described by metes and bounds, but was necessarily *excepted* as an interest or *estate in common,* for the same reason that part or portion of the land which was *not excepted,* but *conveyed,* was necessarily conveyed *in common;* that is, *two thirds* of the land were conveyed *in common,* and *holden in common,* with the *reversion* of the widow's dower in the *other third, excepted* and belonging to *Mrs. Payne.* Such was the nature of the *estate conveyed* and the *estate excepted*; and the tenancy in common was to continue, for the reason we have given, until an assignment of the widow's dower should operate to produce a *severance* of the estate *in common:* but as there never was any assignment of dower to *Mrs. Butterfield,* the consequence is, that the property is still holden in common, and has been ever since the deed of conveyance was made.

It was urged in the argument that if there had been an assignment of dower, perhaps the part assigned might not have been *one quarter* of the land or farm, measured by acres; and yet in the present action one undivided *third part* is demanded; and for this reason it has been contended that such a construction of the exception as we have given, cannot be a correct one. It is very doubtful whether such an objection could be sustained in any case; the grantee must be considered as knowing the legal consequences which *may* follow, where such an exception is contained in the deed, and as assenting to those consequences in their application to himself. In the case before us, however, there are no facts which could lead us to the

conclusion that less than *one third* of the land described in the deed would have been assigned to the widow, as her dower, if any had been assigned.

From a view of all the peculiar facts of this case, and the application to them of legal principles, as we understand and believe they must be applied, we are all of opinion that the action is well maintained. A default must be entered and judgment thereon for the demandants.