# WHEELING.

Merchants Bank *v.* Jeffries, Adm'x.

Submitted January 25, 1883—Decided April 21, 1883.

1. The cashier of a bank, intrusted with the control and custody of its funds, will in a court of equity be held as a trustee for said bank and may be sued by it in such court, and compelled to account for and pay any loss sustained by it, which was caused by any negligence or wrongful conversion or by any misapplication or use of any of its funds by such cashier in violation of the duties of his said trust. (p. 507.)

2. Where a bill filed by a bank against its cashier for a settlement of his accounts as such only alleges, that the defendant was such cashier; "that during his term as cashier he lent sundry sums of money to sundry irresponsible persons without the consent of the board of directors of said bank, for which he is liable personally; and that the books and papers and cash-items show a large deficiency in the assets of said bank during the said cashier's term" of office; and said bill contains no averments, that said bank sustained any loss by such unauthorized loans; or that the moneys so lent have not been repaid; or that said deficiency in its assets was caused by any act or negligence of such cashier, it is *clearly insufficient*; and a demurrer thereto ought to be sustained, because it presents no cause of action against said defendant. (p. 508.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Kanawha, rendered on the 9th day of January, 1878, in a cause in said court then pending, wherein the Merchants Bank of Charleston was plaintiff, and Marie L. Jeffries, administratrix of George Jeffries, deceased, was defendant, allowed upon the petition of said Jeffries.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decree appealed from.

Woods, Judge, furnishes the following statement of the case :

This was a bill filed in the circuit court of Kanawha county against George Jeffries by the Merchants Bank of Charleston, which after excluding the caption thereof was in the following words: "That several years ago, said defendant

was appoined its cashier, and entered upon the discharge of his duties as such; that he was requested and required to give bond as such cashier as required by law, but failed to do so; that during the time he was such cashier, he lent sundry sums of money of said bank funds to sundry irresponsible persons without the consent of the board of directors for which he is personally liable; that the books and papers and cash items show a large deficiency in the assets of the bank during his term as cashier;" and then "prays that these matters be enquired into by a commissioner; that he be held liable therefor, that he be decreed to pay the same," and for general relief, &c.   At August rules, 1872, the bill was taken for confessed; said Jeffries died, and at the June term of said court, 1873, his death was suggested, and the cause was then revived against Marie L. Jeffries, who qualified as his administratrix, who thereupon appeared and demurred to said bill and assigned the following causes of demurred:

"1st. A court of equity has no jurisdiction for any misfeasance committed by George Jeffries as cashier of the Merchants bank.

"2d. The complainant's bill is too vague and indefinite.

"3d. It does not give the names of the parties to whom Jeffries unlawfully loaned money, the amount of the money loaned nor the date of the loan.

"4th. It does not point out the items of deficiency in the books of the bank.

"5th. The bill gives no notice by which a defense could be made, nor would the defendant be protected by the record from another suit for the same subject matter.

"6th. Courts of equity do not take cognizanze of torts.

"7th. Because the accounts are all on one side and no discovery is sought or required."

The court overruled the demurrer and referred the cause to a commissioner to take and report an account showing the amount loaned out or disposed of to irresponsible persons by said Jeffries, while acting as such cashier; 2d. Any other loss, which the said plaintiff has sustained by the unauthorized acts of said Jeffries in misappropriating the plaintiff's funds; 3d. Any other pertinent matter, &c.

A report was made by the commissioner, to whom this

cause was referred, which was excepted to by both parties, as appears by the final decree; neither the commissioner's report nor the exceptions thereto nor any of the testimony taken in the case appears in this record.

On the 9th of January, 1878, the said court rendered a final decree in said cause in favor of said plaintiff for nine hundred and sixty-nine dollars and thirty-seven cents with interest and costs against the said administratrix, out of the assets in her hands to be administered.

From this decree the said administratrix obtained an appeal and *supersedeas* to this Court.

*A. Burlew* for appellant cited the following authorities: Mitf. & Tyl. Pl. 204; *Id.* 305, 306 and notes; Story Eq. Juris. §§ 451, 459; *Id.* § 359; *Towle* v. *Lawrason*, 5 Pet.

*J. H. & J. F. Brown* for appellee cited the following authorities: 2 Story Eq. Juris. §§ 462, 463; 4 Leigh 223; 19 Gratt. 62; 21 Gratt. 263; 31 Gratt. 212.

*Payne & Green*, for appellee, cited the following authorities: 1 Barton Chy. Pr. 67; 19 Gratt. 62; 9 Jur. N. S. 1124; 11 Jur. N. S. 215; Story Eq. Juris. § 459 a; 21 Gratt. 263; 31 Gratt. 212; 4 Leigh 223; 15 W. Va. 547.

Woods, Judge, announced the opinion of the Court:

As neither the report of said commissioner, nor the evidence supporting the same, nor any of the exceptions thereto, nor any evidence taken in the progress of the cause appears in this record, the court cannot determine, whether the said exceptions ought to have been sustained or not; but as all things done by the court are presumed to be rightly done, until the contrary is made to appear, it must in the absence of such proof be presumed, that the said exceptions to said commissioner's report were rightly disposed of. *Callaghan* v. *Kippers*, 7 Leigh 608; *Harris* v. *Lewis*, 5 W. Va. 575. In considering the questions of law presented by the defendant's demurrer to the plaintiff's bill it will be well to examine the grounds, upon which courts of equity have assumed to exercise jurisdiction over matters of account. A court of equity is said to have "jurisdiction in cases of rights recognized and

protected by the municipal jurisprudence, where a plain, adequate and complete remedy cannot be had in the courts of common law." Story's Eq. Juris. § 33. One of the most important methods of equity is, that it addresses itself to the conscience of the defendant and requires him to answer upon his oath the matters of fact stated in the bill, if they be within his knowledge; and he is compelled to give a full account of all such facts with all their circumstances, without evasion or equivocation. (*Id.* 31.) And the right of a party to the aid of a court of equity, to obtain from a defendant a discovery of the facts within his knowledge, necessary to sustain the plaintiff's demand against him, is of itself the source of jurisdiction in many cases, not otherwise cognizable therein; for it is generally true, that the court of equity, having taken jurisdiction of the cause to compel a discovery will, if the same be had, retain jurisdiction thereof and afford the parties all the relief, to which they are generally entitled.

The counsel for the plaintiffs, to maintain the sufficiency of the bill in the case at bar, rely in substance upon two propositions, assuming, that, if they can maintain these, the defendant's demurrer was rightly overruled. The first proposition is, that the said George Jeffries as the cashier of the plaintiff was, during his continuance in office, its trustee, for the benefit of all persons interested in its assets; and secondly, that even if he cannot properly be held as a trustee, yet as its trusted and confidential agent, having charge of its funds, it was his duty to keep careful accounts of all his transactions in dealing with said funds, and that whether he be treated as trustee or as agent, a court of equity is the proper tribunal, in which to require him to settle his accounts.

As the cashier of the plaintiff the said George Jeffries occupied the most confidential relation to it; he was intrusted with the custody, care and management of all its funds; he received and disbursed them in the line of his duties as cashier, and was charged with the duty of keeping the accounts of all these transactions upon the books of the bank, by examination of which stockholders could learn the true condition of the property entrusted to his care; and it was his duty to account for, and pay over to the plaintiff all moneys in his

hands, when he retired from his office. The duties thus devolved upon him to be discharged for the benefit of all persons interested in the assets of the bank created him a trustee for that purpose; and a court of equity was the appropriate tribunal, in which he should be compelled to settle the accounts of his said trust. *Berkshire* v. *Evans*, 4 Leigh; *Coffman* v. *Sangston*, 21 Gratt. 263; *Zetelle* v. *Meyers*, 19 Gratt. 62; Story Eq. Juris. §§ 962, 975 a, 1196. We are therefore of opinion, that, if a proper bill had been filed in the case at bar, it could have been sustained against said Jeffries as such cashier, to compel a settlement of his accounts, as such, if the allegations thereof were sustained by sufficient evidence.

At this point in the consideration of this case, the plaintiff's real difficulty begins. The bill seems to have been prepared in ignorance of any material fact, necessary to be alleged to charge said cashier with any liability whatever; for certainly if such facts had been known to the pleader, they would have been alleged. The only allegation, that can be found in it is, " that several years ago, the defendant was appointed and acted as the plaintiff's cashier; " and this single allegation is sufficient to show, that the plaintiff had the right to sue in a court of equity to settle said accounts, if any remained to be settled, and to charge him with any liability resting upon him, if any such existed. Upon all the other causes of complaint on the part of the plaintiff, if any such there be, the bill is silent; and they are left wholly to conjecture.

It must be borne in mind, that the demurrer to the plaintiff's bill not only raises the question, whether any bill could have been sustained against the said Jeffries, but also whether the plaintiff's bill filed in this case is sufficient to entitle the plaintiff to any of the relief prayed for. If it is, the said demurrer was rightly overruled; if not, it ought to have been sustained. Upon an examination of the bill it is manifest, that it wholly fails to allege, that any of the moneys of the plaintiff, loaned by said Jeffries while acting as its cashier, has not by the borrowers thereof or by the said cashier been repaid; or that the said plaintiff has sustained any loss whatever by the unauthorized loans of any of said moneys; or that the said Jeffries had in any other manner misapplied or

wrongfully used or appropriated any of said moneys, or that he has by any negligent or careless management of the plaintiff's funds caused it to lose a single cent; nor does it allege, that the deficit, which was found to exist during his term as cashier, was caused by any act or default of his; nor does it even allege, when he was appointed to, or retired from the position of cashier of the plaintiff, nor how much money was improperly loaned, nor to whom such loans were made, nor the amounts thereof. The said bill is too vague, indefinite and general in its statements to require the defendant to answer the same; and because, on account of the imperfect character of the bill we are unable to determine, whether any cause of action exists, we are of opinion, that the plaintiff should have an opportunity to amend its bill, if it should be so advised, and can do so, upon which question we express no opinion.

But while we are of opinion, that the said demurrer ought to be sustained, yet we are not able to concur in the opinion of the counsel for the appellants, that a court of equity has no jurisdiction in any suit brought against the said Jeffries to charge him with any liability for any misfeasance while acting as plaintiff's cashier. On the contrary holding, as we do, that Jeffries while acting as such cashier was a trustee for plaintiff and its stockholders, he may be held liable for any intentional misapplication or wrongful appropriation of its funds or for any careless and negligent management thereof, whereby he has caused a loss of any part thereof, and that he may be sued therefor in a court of equity, which is the appropriate tribunal, and be compelled to settle and account for the funds so misapplied, misappropriated or lost. Thornton v. Thornton, 31 Gratt. 212; Story Eq. Juris. sec. 460; Zetelle v. Myers, supra; Berkshire v. Evans, supra.

For the reasons hereinbefore stated it is adjudged, ordered and decreed, that the said decree of the circuit court of Kanawha county, rendered on the 9th day of January, 1878, be wholly reversed and annulled. And this Court now proceeding to render such decree, as the said circuit court ought to have rendered, it is further adjudged, ordered and decreed, that the said defendant's demurrer to the plaintiff's bill be sustained, and that this cause be remanded to the said

circuit court with leave to the said plaintiff to amend its bill, if deemed proper to do so, and for further proceedings therein to be had; and it is further adjudged, ordered and decreed, that the appellee do pay to the appellant her costs by her about the prosecution of her appeal and *supersedeas* in this Court, in that behalf expended.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.