# CHARLESTOWN.

KELLY *v.* RILEY *et al.*

Submitted September 19, 1883—Decided October 2, 1883.

1. A court of equity has jurisdiction to decree compensation for *a deficiency in the quantity* of land sold, although the land has been conveyed by deed with general warranty and the purchase-money has all been paid.   (p. 248.)

2. Where by reason of fraud of the vendor in misrepresenting the *quantity* of land sold, the vendee is entitled to compensation, or abatement from the purchase-money, on account of *deficiency in the quantity* of land, courts of equity and courts of common law have concurrent jurisdiction to grant relief.   (p. 250.)

3. Where a person has made a sale of land in gross, at a specified price, upon an unqualified statement that it contains a definite quantity or specified number of acres, it will be held *prima facie* that the vendee was influenced to pay or agree to pay the price specified because of such statement ; and if it is afterwards established that there is a deficiency in the quantity in excess of what may be rightfully attributed to the usual inaccuracies in surveying, the vendor, in the absence of all other proof, will be presumed to have committed a fraud on the rights of the vendee by such statement of the quantity, and a court of equity will for this reason grant relief to the vendee for such deficiency.   (p. 251.)

4.. The general rule in such cases is, that the compensation allowed for the deficiency in quantity, shall be at the rate of the average price paid or agreed to be paid for the entire tract purchased.   (p. 251.)

The facts of the case are sufficiently stated in the opinion of the Court.

*J. G. Schilling* for appellant.

*A. B. Mills* and *Warren Miller* for appellees.

SNYDER, JUDGE:

W. D. Kelly, on May 2, 1882, brought his suit in equity in the circuit court of Roane county against G. W. and Wm. Riley to recover compensation for deficiency in the quantity of a tract of land sold and conveyed to him by said Rileys. On December 4, 1882, the defendants tendered a general demurrer to the plaintiff's bill which was overruled by the court and a rule taken against the defendants to answer within thirty days. Subsequently, on April 4, 1883, the defendants moved the court to dismiss the plaintiff's suit for the want of equity jurisdiction, which motion the court sustained and dismissed the suit with costs. The plaintiff appealed to this Court.

The material allegations of the plaintiff's bill are, that in consideration of seven hundred dollars the defendants sold, and conveyed to the plaintiff by deed with general warranty, dated January 23, 1879, a tract of land in Roane county containing one hundred and one and one half acres described by metes and bounds; that the defendants fraudulently represented to the plaintiff that said tract contained one hundred and one and one half acres and the plaintiff relied on said representation; that believing there was that quantity in the tract the plaintiff paid the purchase-money in full; that some time after the purchase the plaintiff by actual survey ascertained that the boundaries of said tract contained but eighty-four acres, showing a deficit of seventeen and one half acres in the quantity; that said deficiency, according to the average value of the whole tract, is worth one hundred and twenty dollars and seventy-five cents; and that by reason of said fraudulent representation and said deficiency in the land the plaintiff has been injured to the value of one hundred and twenty dollars and seventy-five cents; and that the plaintiff informed defendants of said deficiency and demanded compensation therefor and they have failed to make him any compensation. The prayer is that defendants be required to compensate the plaintiff for said deficiency of land and for general relief. The bill is sworn to by the plaintiff.

It is claimed by the counsel for the appellees that the cause was properly dismissed, because there is nothing alleged in the bill of which a court of equity can properly

take cognizance, and that the circuit court should have sustained the demurrer in the first instance. As authority for this position the counsel cites *Robertson* v. *Hogshead,* 3 Leigh 667, and *Koger* v. *Kane,* 5 *Id.* 606. The first of these cases was a suit the bill of which averred that the defendant had fraudulently represented that a certain spring on the land purchased was never-failing and afforded an ample supply of water at all seasons, and prayed for a rescission of the contract of sale and for general relief. The court held that the plaintiff, *upon the proofs,* was not entitled to a rescission, and that as the alleged fraud consisted simply of a claim for unliquidated damages he could not be relieved in a court of equity. The opinion of the court shows, clearly, that jurisdiction was denied in that case, because the compensation claimed rested entirely upon a claim purely for unliquidated damages of a character which a court of equity could not ascertain. In the other case of *Koger* v. *Kane,* the jurisdiction of a court of equity to grant relief for *a deficiency in the quantity* of land is fully recognized. In its opinion the court draws a distinction between a case in which the injury sustained consists in a *deficiency of quantity* within the specified limits and one in which there is *a want of title to a part of the land* within those limits. Upon the special facts in that particular case a doubt is expressed as to equity jurisdiction in the latter event; but as to the former—a deficiency in the quantity—the court says: "The jurisdiction of a court of equity to enjoin the collection of purchase-money of land, after conveyance executed, on the ground of a *deficiency in quantity,* the contract being a sale by the acre, is not now to be questioned." 5 Leigh 606. If equity has jurisdiction in such a case to enjoin the collection of purchase-money after conveyance, it would seem to be clear that it ought to grant relief when the purchase-money has been paid as no objection to its jurisdiction could be urged in the one case which would not equally apply to the other. *Blessing* v. *Beatty,* 1 Rob. R. 287.

In *Castleman* v. *Veitch,* 3 Rand. 598, it was held, that: "A claim for a deficiency in *quantity* of land sold, gives jurisdiction to a court of equity." In its opinion the court says: "Now, even admitting that the appellants' bill did not exhibit

a case sufficient to support their claim on the ground of *defect* of title, yet no one can doubt that the claim, as stated in the bill for deficiency of *quantity*, will give the court jurisdiction of the case."—3 Rand. 601.

In *Crislip* v. *Cain*, this Court, upon a full review of the Virginia cases, says: "With reference to the jurisdiction of the court the numerous cases, which we have reviewed, show, that a court of equity has clearly jurisdiction to stay the collection of the purchase-money, when by reason of the fraud of the vendor in misrepresenting the quantity of the land the vendee is entitled to an abatement from the purchase-money. Courts of equity have generally concurrent jurisdiction with common law courts in those cases where common law courts have jurisdiction because of fraud; and though where the vendor has fraudulently misrepresented the quantity of land and thus induced the vendee to purchase, a common law suit for deceit would lie, yet this is concurrent with the right of the vendee to stay the collection in a court of equity, till abatement has been made. It is true, if the misrepresentation was in a matter about which there was no certain measure of damages, as, for instance, if the vendor had fraudulently represented that a spring on the land was a constant one, which never went dry, a court of equity would not stay the collection of the money and ascertain and allow an abatement because of such fraudulent misrepresentation; for this would be allowing as an off-set unliquidated damages. But if the fraud consists in a misrepresentation as to the number of acres, this objection to a court of equity exercising jurisdiction to make proper abatement does not exist, as the measure of damages in that case is fixed and certain and can be ascertained with greater ease and certainty in a court of equity than in a court of law. Accordingly it has always been admitted, that a court of equity has jurisdiction, where the claim is for an abatement *or for compensation for a deficiency* in land."—19 W. Va. 519; *Robertson* v. *Hogshead*, 3 Leigh 667; *Castleman* v. *Veitch*, 3 Rand. 599; *Clark* v. *Hardgrove*, 7 Gratt. 399; *Renick* v. *Renick*, 5 W. Va. 285.

The rule thus laid down in *Crislip* v. *Cain, supra,* we think, correctly states the law of this State. And the case now be-

fore us, consisting, as it does, of a claim for compensation on account of a deficiency in the quantity of land, which the plaintiff was induced to purchase by the misrepresentation and fraud of the defendants, there can be no question that it comes within that rule, and that it is, therefore, a case for equitable jurisdiction.

The only remaining enquiry is, whether the facts alleged in the plaintiff's bill are such as entitle him to relief? In *Crislip* v. *Cain*, 19 W. Va. 441, upon a careful consideration of the authorities and principles applicable to such cases, the law of this State was declared to be, that where a person has sold and conveyed land, described as containing a definite quantity or specified number of acres, at a specified price, if it be a contract for a sale in gross, the vendee has a right to rely on the statement of the vendor as to the number of acres named in the contract or deed; and because the quantity of land is generally a material matter in the purchase, it will be taken *prima facie* that the vendee was influenced to pay or agree to pay the price specified in the contract or deed because of such statement which, if positive or unqualified, will be regarded as a statement made by the vendor on his personal knowledge, and if it is afterwards ascertained that there is a substantial deficiency in the quantity, the vendor, in the absence of all other proof, will be presumed to have committed a fraud on the rights of the vendee, and a court of equity should for this reason grant him relief on account of such deficiency in the quantity of land. And the general rule in such case is, that the compensation allowed for the deficiency shall be at the rate of the average price paid for the entire tract of land sold. These principles have been subsequently approved and applied by this Court in the cases of *Depue* v. *Sergent*, 21 W. Va. 326, and *Anderson* v. *Snyder*, Id. 632. See, also, *Western M. & M. Co.* v. *P. C. Coal Co.*, 8 W. Va. 408.

Applying these principles which we regard as the settled law of this State, to the case at bar, are the allegations of the plaintiff's bill sufficient to entitle him to relief? It is distinctly averred, that the defendants sold and conveyed to the plaintiff, by specified metes and bounds, a tract of land, stated to contain one hundred and one and one half acres at the

price of seven hundred dollars, and that the boundaries of said tract, as he has ascertained since the sale, contain but eighty-four acres, showing a deficiency of seventeen and one half acres in the quantity, for which he asks compensation on account of the fraudulent representation of the defendants on which he relied. It seems to me, that these averments are clearly sufficient to entitle the plaintiff to the relief prayed by him; and that the circuit court did not err in overruling the defendants' demurrer, but that it did err in dismissing the cause for the want of equity in the bill. I am, therefore, of opinion that, for this manifest error, the decree of said court of April 4, 1883, must be reversed with costs to the appellants, and this cause remanded to said circuit court with leave to the defendants to answer and for further proceedings to be had therein according to the principles announced in this opinion and further according to the rules and principles of equity.

It is, however, insisted by the appellant's counsel that, as there had been a demurrer overruled and a rule upon the defendants to answer, this Court should now, under the provisions of our statutes—section 30 of chapter 71, and section 26 of chapter 157, Acts of 1882—treat the defendants as having declined to answer and, regarding the plaintiff's bill as confessed as to them, enter a decree for the relief prayed by the plaintiff. I do not think, under the circumstances and especially in view of the action of the circuit court in dismissing the cause and thus rendering any answer in its judgment immaterial and unnecessary, that a correct interpretation of the said statutes, and the uniform practice of this Court, would warrant us in entering a decree upon the merits of the cause without according to the defendants an opportunity to answer if they desire to do so.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.