# CHARLESTON.

## LEWIS v. CREGOR *et al.*

### Submitted January 14, 1914. Decided January 27, 1914.

1. EQUITY—*Pleading—Sufficient Against Demurrer—Surplusage.*
   The statement of a legal demand in a bill in equity containing a sufficient equitable cause of action is regarded as surplusage and does not render the bill bad on demurrer. (p. 565.)

2. VENDOR AND PURCHASER—*Remedy of Purchaser—Breach of Contract—Jurisdiction in Equity.*
   A claim by a grantee against the grantor for compensation for loss, by superior title, of a portion of the land conveyed by the latter to the former, is a legal demand of which equity has not jurisdiction. Courts of equity have no jurisdiction to give compensation in damages for breaches of contract. (p. 565).

3. EQUITY—*Cross-Bill—Dismissal.*
   A cross bill or answer praying affirmative relief, filed by way of defense to a bill containing both an equitable cause of action and a legal demand and responding to the subject matter of the legal demand only, is foreign to the real subject matter of the bill, and, on dismissal of the bill for failure of proof to sustain the equitable cause of action as set forth therein, the cross-bill or answer in the nature thereof falls with it. (p. 566).

Appeal from Circuit Court, Fayette County.

Bill by J. S. Lewis against Joseph Cregor and others. Decree for plaintiff, and defendants appeal.

*Reversed and Bill Dismissed.*

*Dillon & Nuckolls,* for appellants.

*C. R. Summerfield,* for appellee.

POFFENBARGER, JUDGE:

On the bill in this cause for relief respecting the quantity of land conveyed by a deed, and presenting two inconsistent bases of recovery, fraudulent representation on the part of the vendors as to the quantity of land conveyed, and loss of a part of it, by superior title, as actually conveyed, the trial court ascertained loss of the land conveyed to the extent of twenty four and one half acres, and decreed compensation therefor at the rate of eight dollars per acre which, with interest thereon up to the date of the decree, amounted to $342.51. Assigning several errors, the defendants have appealed.

The demurrer to the bill was properly overruled. The charge of fraud and misrepresentation on the part of the vendor as to the quantity of the land, supplemented by the allegation of deficiency, makes out a case of equitable cognizance. *Newman* v. *Kay,* 57 W. Va. 98; *Newberger* v. *Wells,* 51 W. W. Va. 624; *Kelly* v. *Riley,* 22 W. Va. 247. If the claim for compensation for land lost by superior title, is a legal demand as counsel for the appellants contend, joinder thereof with the equitable cause of action, founded upon fraud and misrepresentation, does not render the bill bad. *Sprinkle* v. *Duty,* 54 W. Va. 559; *Smith* v. *Patton,* 11 W. Va. 541 and *Smith* v. *McLain,* 11 W. Va. 654.

Said second ground contains no element of fraud or mistake, giving concurrent jurisdiction at law and in equity. The loss of a portion of the land by superior title was a breach of the covenant of warranty, wherefore it states a cause of action for damages for breach of a contract. That equity has no jurisdiction in such cases is fundamental and elementary. *Robertson* v. *Hogshead,* 3 Leigh 667; *Laidley* v. *Laidley,* 25

W. Va. 525; *Meze* v. *Mayes,* 6 Rand 660; *Anthony* v. *Leftwich,*
3 Rand 328. It was virtually held in *Kelley* v. *Riley,* 22 W.
Va. 247 that equity has no jurisdiction of an action for com-
pensation for loss of land by superior title, and Robertson vs.
Hogshead, cited, denies equity jurisdiction to give compensa-
tion for breach of a warranty as to the quantity and capacity
of a spring on a tract of land.

On the proof, the good part of the bill wholly fails. There
was no misrepresentation as to the quantity of the land.
The amount contracted for was actually conveyed, but a por-
tion of it was afterwards lost. The tract conveyed was one
of the lots assigned in a partition of a tract of land among the
Wriston heirs. At the date of the partition, one of these heirs
was under age and, after having attained his majority,
brought a suit for a repartition. Before this occurred how-
ever, the land involved here had been conveyed to Mary E.
Cregor, by the Wriston heir to whom it was assigned, as a
tract containing one hundred acres. After the death of Mary
E. Cregor, her heirs united in a deed conveying that tract to
J. S. Lewis. He was made a party to the suit for repartition,
the result of which was that he was compelled either to lose
24½ acres of the land or repurchase it, a sale of the property
having been ordered on account of its insusceptibility of par-
tition. Having this right of election, he chose to buy it and
did so.

The part of the bill to which the proof responds is mere
surplusage and in law constitutes no part of it. Sprinkle vs.
Duty, Smith vs. Patton and Smith vs. McLain, all cited.
Obviously, therefore, the bill is without equity and the decree
must be reversed and the cause dismissed, unless the matter
set forth in the answer as ground for affirmative relief con-
fers equity jurisdiction.

The matters so set out are fraud and misrepresentation in the
procurement from the Cregor heirs of a deed with a covenant
of general warranty. It avers the Cregor heirs had agreed
to execute a quit claim deed to Richard Cregor who was then
to convey to Lewis, and that Lewis, through his agent, had
represented to them that the deed he caused to be tendered
to them for execution was a quit claim deed. In the portion

of the bill that states an equitable cause of action, the warranty is wholly immaterial and really constitutes no part of it.  A suit for compensation, for a deficiency is founded upon the fraud or mistake alleged, not the covenant of warranty. That covenant does not warrant quantity.  It pertains only to title.  This new matter in the answer relates to the warranty, not the quantity of the land.  Thus responding to the bad part of the bill and not touching the subject matter of the sufficient portion thereof at all, the answer endeavors to introduce a subject wholly foreign to that of the bill, in violation of a firmly established rule.  The subject matter of a cross-bill or answer in the nature of one must be germane to that of the bill.  *Peters* v. *Case*, 62 W. Va. 33; *Hansford* v. *Coal Co.,* 22 W. Va. 675; *West Va. O. & O. L. Co.* v. *Vinal,* 14 W. Va. 637. Being foreign thereto and, for that reason, having been improperly filed, the answer falls with the bill.

Reversal of the decree and dismissal of the bill without prejudice necessarily result from these principles and conclusions.

*Reversed and Bill Dismissed.*