# CHARLESTON.

J. J. SPERRY *et al. v.* PREMIER POCAHONTAS COLLIERIES CO.

Submitted October 5, 1920. Decided October 12, 1920.

1.  EQUITY—*Bill is Not Demurrable Where Any of Several Grounds of Relief is Sufficiently Stated.*

    A general demurrer to a bill seeking relief on more than one ground, or in more than one form, is properly overruled, if any one of the grounds of relief stated is sufficient in law, (p. 224).

2.  PRINCIPAL AND AGENT—*Principal's Bill for Accounting Held to State Cause of Action in Equity.*

    A bill for an accounting filed by a principal against an agent whose duty it is to keep and render accounts to the plaintiff, alleging failure to keep and render correct accounts of money coming into his hands, or becoming due from him, and wrongful conduct on his part rendering it difficult or impossible for the plaintiff to ascertain the true state of the account, sets up a good cause of action cognizable in equity. (p. 225).

3. EQUITY—*Adequacy of Remedy at Law No Bar to Relief, Where Courts of Equity Have Concurrent Jurisdiction.*

As the cause of action alleged by such a bill is one as to which courts of law and courts of equity have concurrent jurisdiction, adequacy of the remedy at law is no bar to relief in equity. (p. 225).

4. MINES AND MINERALS—*Under Lease Covenant, Lessee of Coal Mines Held Lessor's Agent, as Well as Debtor, Quoad Royalties.*

If the lessee in a coal mining lease has covenanted to keep accurate accounts of the coal mined and calculate and pay over to the lessor the royalties thereon, he is the agent of the lessor as well as his debtor, *quoad* the royalties. (p. 225).

(WILLIAMS, PRESIDENT, absent.)

Case Certified from Circuit Court, McDowell County.

Action by J. J. Sperry and others against the Premier Pocahontas Collieries Company for cancellation of a mining lease. Demurrer to bill overruled, and ruling certified.

*Affirmed.*

*A. G. Fox,* for plaintiffs.

*Holt, Duncan & Holt* and *Anderson, Strother, Hughes & Curd,* for defendant.

POFFENBARGER, JUDGE:

The Circuit Court of McDowell County, has certified to this court for review its order overruling a demurrer to a bill filed for cancellation, upon several grounds alleged, of a mining lease under which the defendant is mining coal; and, alternatively, for a decree fixing the amount due the plaintiff on account of royalties and the times at which payments thereof are to be made, and requiring the defendant to provide ways and means by which an accurate account may be kept of the coal mined from the leased premises. There is also a prayer for general relief.

As the demurrer was general, going to the bill as a whole and not to any of its several parts, sufficient allegation therein of any ground of relief will sustain the decree complained of. *City of Wheeling* v. *Chesapeake & Potomac Telephone Co.,* 82 W. Va. 208; *Trough* v. *Trough,* 59 W. Va. 363; *Miller* v. *Hare,*

87 W. Va.

43 W. Va. 647; *Shoe Co.* v. *Haught,* 41 W. Va. 275; *Gay* v. *Skeen,* 36 W. Va. 582. Nor does it call for inquiry here as to sufficiency of the allegations in all of the different parts of the bill. *City of Wheeling* v. *Chesapeake & Potomac Tel. Co.,* cited; *Pyles* v. *Carney et als.,* 85 W. Va. 159, 101 S. E. 174.

The bill charges default in the payment of royalties amounting in the aggregate to $5,304.02, as of July 1, 1919. It also charges failure on the part of the defendant to keep correct and proper accounts of the coal mined from these premises and a wrongful commingling of the coal mined therefrom with coal mined from other adjoining and neighboring properties operated by the defendant, in connection therewith, in such manner as to render it impossible for the plaintiff to determine whether the accounts rendered by the defendant are correct or not. A covenant in the lease requires the lessee to keep books of account of the mining and shipping of coal and coke and permits inspection thereof by the lessors, their agents and attorneys, for verification and comparison of the accounts rendered.

Adequacy of the legal remedy for the recovery of the royalties due may be conceded, but that does not preclude jurisdiction in equity. In some instances, courts of law and courts of equity have concurrent jurisdiction, and the party seeking redress may resort to either. *Prewett* v. *Citizens National Bank of Parkersburg,* 66 W. Va. 184; *Bruner and McCoach* v. *Miller,* 59 W. Va. 36; *Ellis* v. *Amick,* 53 W. Va. 421; *Kelly* v. *Riley,* 22 W. Va. 247. All actions of account may not fall within that class of cases; but, if there is a relation of principal and agent, and the matter as to which an accounting is sought are peculiarly within the knowledge of the latter, there is jurisdiction in equity as well as in courts of law. *Wilson* v. *Kennedy,* 63 W. Va. 1; *Merchants Bank* v. *Jeffries,* 21 W. Va. 504; *Vilwig* v. *B. & O. R. R. Co.,* 79 Va. 449; *Thornton* v. *Thornton,* 31 Gratt. 212; *Coffman* v. *Langston,* 21 Gratt. 269; *Zetelle* v. *Myers,* 19 Gratt. 62; *Berkshire* v. *Evans,* 4 Leigh 223; 6 Pom. Eq. Jur., Secs. 931 and 932.

The relation of the parties to this bill and the nature of the accounting sought by it fall within this rule. The pro-

vision of the lease, above referred to, requiring the lessee to keep accounts of the mining and shipment of coal, established the relation. ·For that purpose, the lessee is a confidential agent of the lessors. The lease containing the provision is exhibited with the bill and made a part thereof. The bill further charges, upon information and belief, that correct books have not been kept, and also that the coal mined from this lease is so commingled with coal from other properties, that the plaintiffs are not able to determine for themselves what amount of coal is being mined from their property or whether the books have been properly kept. The tonnage of coal mined and the method of keeping the books are matters peculiarly within the knowledge of the defendant represented by its officers, agents and employees.

Upon mature consideration of the bill, we are of the opinion that it sufficiently states a cause of action for an accounting, cognizable in equity, and that the ruling complained of is correct. Accordingly, an order will be entered here certifying this conclusion to the Circuit Court of McDowell County.

*Affirmed.*