THE HOPE STREET GARAGE CO. *vs.* PACIFIC OIL COMPANY.

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass and ejectment. The case was heard in the Superior Court by a justice sitting without a jury and is here on plaintiff's exception to the decision for the defendant and also on defendant's exception to the decision in so far as it denied the validity of the defendant's third plea.

The premises in question, comprising the front portion of a large public garage and the land in front, are equipped with

tanks, pumps and other fixtures suitable for the business of selling gasoline and motor oil at retail. In September, 1930, the plaintiff leased the entire garage, including the premises in dispute, to one Archie C. Williams for a term of five years. The lease contained a covenant by the lessee, Williams, that he would not sublet or assign the premises without the consent of the lessor first obtained in writing. On February 20, 1931, Williams sublet to the defendant the premises now in dispute but continued thereafter as agent for the defendant to conduct the business of selling oil, gasoline, etc., on the premises.

The sublease was to run for three years from March 1, 1931 with a privilege of renewal for a like period and provided for a rental of one cent a gallon on all gasoline which the defendant delivered to the station for sale, subject to the condition that the rent thus paid should never be less than ten dollars per month. A printed form was used in drawing the sublease. The form contained a clause as follows:

"Landowner's Consent.

The undersigned, owner (herein referred to in the singular number whether one or more) of the premises hereinabove described, hereby consents to the subletting of same in accordance with the above and foregoing agreement, and becomes a party to said grant.

Hope St. Garage Co.
Jos. A. Lockhart, President.
Owner."

All of this clause was printed on the form, except the words "and becomes a party to said grant" which were added in typewriting. Defendant installed some additional fixtures and through its agent, Williams, apparently conducted a profitable business until the latter defaulted in the payment of rent under his lease from the plaintiff.

Defendant paid all rent due under the sublease and offered to continue to make such payments but refused,

however, to pay the rent under the original lease. Thereupon plaintiff gave notice to the defendant to quit and brought this suit to recover possession. In the declaration the plaintiff declares as to the entire garage.

Defendant filed three pleas in each of which it is alleged that the plaintiff entered into and makes claim to only that part of the premises sued for as are occupied by the defendant's pumps, tanks and other appliances. The first plea is the general issue. The second sets up the sublease and alleges that plaintiff consented to the subletting and expressly became a party to said grant. The third plea, which is of an equitable nature, sets up the sublease which is designated as a "lease and license" and alleges that in reliance thereon defendant entered into possession, expended large sums of money in equipping the same; that, since the termination of Williams' tenancy, defendant has paid rent to the plaintiff at the stipulated rate and offers to continue such payments and alleges that, if the plaintiff is allowed to revoke the "lease and license" instrument, such action would amount to fraud and would cause irreparable loss to the defendant.

The trial justice found that the defendant was not entitled to relief under the equitable plea but ruled, however, that the last seven words of the "landowners' consent" clause were clear enough to make the plaintiff a party to the sublease and that the plaintiff had concurred in giving a grant which gave the defendant a right of possession even after Williams, the original lessee, had forfeited his lease for nonpayment of rent.

The plaintiff contends that the interpretation of said clause was erroneous. It is difficult to see how the owner fits into the agreement with all its dependent covenants between defendant and Williams. Defendant made no covenant or agreement binding itself to pay rent, under any contingency, to the owner. The rent is payable on the basis of one cent per gallon for each gallon of gasoline delivered on the premises. Was it contemplated, in the event Williams forfeited his lease and no longer operated the station, that

the owner would operate the station and collect the rent from the proceeds of the sale of gasoline? Defendant did not bind itself to deliver gasoline in any contingency to the plaintiff or anyone else.

The weight of authority is to the effect that a person by signing a deed does not become bound thereby, unless he is described in the body of the instrument as grantor. 18 C. J. 173. In most of the authorities which have come to our attention the signature was in the appropriate place for signing a deed and no clause similar to the words in question accompanied the signature. See *Golden* v. *Tyer*, 180 Mo. 196; *Roberts* v. *Abbott*, 48 Cal. App. 779; *Drzewiecki* v. *Stock-Daniel Co.*, 293 S. W. 441; *Doyle* v. *Dunne*, 144 Ill. App. 14; *Evans* v. *Conklin*, 71 Hun. 536; *Ford* v. *Ball*, 76 W. Va. 663; *Barnsdall* v. *Boley*, 119 Fed. 191; *Brown* v. *O'Byrne*, 153 Ala. 621.

The defendant urges that plaintiff, by signing under the words "and becomes a party to said grant", guaranteed to the defendant the privilege of occupying during the term of the sublease, provided defendant paid the rent to the main lessee, so long as he remained such, and thereafter to the plaintiff. This contention cannot be sustained.

The sublease purported to be an agreement between Williams and the defendant and the mutual covenants have no application to the plaintiff. The defendant wrote the contract and if any such meaning was intended it should have been expressed in the instrument. The words in question appended to the "landowner's consent" clause are too indefinite to be given the construction for which the defendant contends. The words may have been inserted for the purpose of obtaining a recognition from the owner of the defendant's right to remove certain fixtures, including tanks which were beneath the surface of the ground. To accept the contention of the defendant would amount to writing and enforcing a contract between two parties when at least one of them promised nothing to the other. Defendant

makes no contention that oral evidence was admissible to determine the intention and offered no evidence bearing upon this question.

We find no error in the ruling denying the equitable plea. It is not clear whether the ruling was based upon law or a finding of fact. In denying the equitable plea the trial justice may have found on the facts that, by ejecting the defendant, no inequity would be done. In any event, it is clear that the defendant contracted for a tenancy, that is, for exclusive possession against all the world, including the owner, and not for a mere license. See *R. I. Marine Transportation Co.* v. *Interstate Navigation Co.*, 52 R. I. 322.

The defendant's exception is overruled and the plaintiff's exception is sustained. The defendant may appear on the third day of April, 1933, and show cause, if any it has, why the case should not be remitted to the Superior Court for entry of judgment for the plaintiff.

*Joseph H. Coen, McGovern & Slattery, James A. Higgins,* for plaintiff.

*Elmer E. Tufts, Jr., Frederick Bernays Wiener, Edwards & Angell,* for defendant.