## HIGGINS v. EVANS, Appellant.

### Division One, May 24, 1905.

1. **MORTGAGE: Assumption: Extension Without Knowledge.**
A grantee of land, who for a valuable consideration contracts
as principal to pay the mortgage debt described in the deed
of trust and referred to in his deed by that description and its
record alone, is not discharged from his obligation to pay the
debt by the fact that its day of maturity had without his know-
ledge prior to the conveyance to him been extended. The fact
that the grantor to the grantee who had secured the extension
was transferred thereby into a surety and was released from
the payment of the debt because of the extension secured by
the grantee, did not release that grantee from the payment of
the debt, for that grantee became the principal debtor. And

when by subsequent transfers the title was conveyed to defendant, who assumed payment of the same debt as described in the one deed of trust, the fact that the time of payment had previously been extended without his knowledge did not release him from his contract to pay the debt. He was not bound by the contract of extension, but he was bound to pay the note according to its tenor and effect.

2 ———: ———: ———: **Obligation and Right of Grantee.** A grantee who in the deed assumes the payment of a mortgage debt, which is described by reference to the record where the deed of trust is recorded and which contains. no recital that the time of payment of the mortgage note has been extended, and who accepts his deed with no knowledge of the extension, has the right to pay the note at once, and a tender of the face value of the note will stop the running of interest. But the prior extension without his knowledge does not relieve him of his obligation to pay the note.

3. **MORTGAGE DEBT:** Extension: Extinguishment. The extension of the time of payment of a mortgage debt does not extinguish that debt and substitute a new contract in lieu thereof.

4. ———: **Assumption:** Deed Poll: Statute of Frauds. A recital in a deed poll that the grantee assumes the payment of a certain mortgage debt, is not within the purview of the clause of the Statute of Frauds which requires all undertakings not to be performed within one year to be in writing signed by the party sought to be charged. The obligation of the grantee to pay in such case arises by implication of law out of the fact that he accepts a deed containing such a recital. What the law implies is not affected by the Statute of Frauds.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*John Boyle* and *J. L. Secor* for appellant.

(1) The petition alleges a state of facts which would have existed, provided no alteration had been made in the debt as it was originally. But that debt had been altered in its terms, and duration, and no longer remained the debt described in the petition, as was conclusively shown by the evidence. Therefore the court erred in refusing defendant's declarations of law

1 and 2.   Stilwell v. Aaron, 69 Mo. 543; Kelly v. Thuey, 143 Mo. 422; Powell v. Bank, 146 Mo. 620; McMurtrey v. Sparks, 71 Mo. App. 126; Johnson v. Bank, 173 Mo. 180; White v. Smith, 174 Mo. 206.   (2) The effect of such alteration was to release the maker of the note, and every privy of the maker—every one who stood in a relation of surety—from his obligations under it. Mrs. Sweringen, for whom the alteration was made, assumed the new debt, and guaranteed its payment, and was alone obligated for it.   For this new debt she could obligate her grantee only by special agreement with reference thereto, which she did by requiring him to give bond binding himself to pay it.   This was the only existing debt when appellant became respondent's grantee, and no contract whatever was made between them with respect to it.   For these reasons the court erred in refusing defendant's declarations of law 3 and 4.   Savings Association v. Helmrick, 57 Mo. 100; Wayman v. Jones, 58 Mo. App. 313; Nelson v. Brown, 140 Mo. 590; Kincaid v. Yates, 63 Mo. 47; Moore v. Savings Bank, 22 Mo. App. 684; Johnson v. Bank, 173 Mo. 171; White v. Smith, 174 Mo. 206; Smarr v. Schnitzer, 38 Mo. 478; Headlee v. Jones, 43 Mo. 235. (3) The evidence shows that the debt sued upon, and as it originally existed, had been extended for a valuable consideration.   It thus became a new obligation substituted for, and taking the place of the old debt, and appellant taking his deed after such substitution, and without knowledge of it, did not assume any debt at all, certainly not the debt sued on.   A promise to pay the original debt was not a promise to pay the debt which Mrs. Sweringen had altered and made her own, to suit her purposes.   No evidence was offered, and none exists, tending to show, in fact, or in legal contemplation, that appellant promised to pay the new debt, nor could appellant be held for such new debt, except by a writing signed or authorized to be signed by him.   Therefore, the court erred in refusing defendant's declarations of

law 5 and 6.  R. S. 1899, sec 3418; Sharp v. Rhiel, 55
Mo. 97; Ringer v. Holtzclaw, 122 Mo. 523; Rucker v.
Harrington, 52 Mo. App. 481; Miller v. Goodrich Bank-
ing Co., 53 Mo. App. 430; Weil v. Weil, 55 Mo. App.
379; Carrick v. Mincke, 60 Mo. App. 140; McMurtrey
v. Sparks, 71 Mo. App. 126; Lower v. Winters, 7 Cow.
(N. Y.) 263; Curtis v. Sage, 35 Ill. 22; Holloway v.
Hampton, 4 B. Mon. (Ky.) 415; 8 Am. and Eng. Ency.
of law (1 Ed.), 686.

*J. W. Walsh, Frank P. Walsh* and *Block, Sullivan
& Erd* for respondent.

(1) If lack of knowledge of the extension when ap-
pellant assumed the debt constituted a defense, appel-
lant should have alleged and proved such.  Hudson v.
Railroad, 101 Mo. 29; Jones v. Rush, 156 Mo. 371.  (2)
When appellant purchased the property and assumed
the incumbrance, he became, not a surety, but the prin-
cipal debtor.  Nelson v. Brown, 140 Mo. 589; Pratt v.
Conway, 148 Mo. 296.  (3) A mistake of appellant as
to the time of maturity of the debt is no defense.  Benn
v. Pritchett, 163 Mo. l. c. 571.  (4)  Performance by
respondent takes appellant's promise out of the Statute
of Frauds.  Nelson v. Brown, 140 Mo. 588; Suggett v.
Carson, 26 Mo. 221; Self v. Cordell, 45 Mo. 346; Win-
ters v. Cherry, 78 Mo. 350; Smock v. Smock, 37 Mo.
App. 66; Marks v. Davis, 72 Mo. App. 562.  (5) The
affirmative averments of the answer stated no defense.
O'Bryan v. Kinney, 74 Mo. 125; Gwin v. Waggoner,
98 Mo. 328; Boggs v. Laundry Co., 171 Mo. 287; Brown
v. Railroad, 18 Mo. App. 574; Robinson v. Jarvis, 25
Mo. App. 421.

VALLIANT, J.—By a deed poll the plaintiff con-
veyed to the defendant certain real estate in St. Louis
which was encumbered with a mortgage for $10,000.00,
which deed contained the following clause: "he (the

grantor) will warrant and defend except as to a certain deed of trust dated May 29th, 1893, recorded in book 1167, page 95, made to secure $10,000; said Daniel Evans assumes the payment of said $10,000 and interest thereon from February 8, 1897, and taxes for the year 1897.'' The plaintiff, the grantor in the deed, having, at the end of a lawsuit against him, been compelled to pay the balance remaining due on the mortgage debt after foreclosure sale, amounting to $4,610.85, brings this suit against his grantee in the deed poll, the defendant, based on the clause of assumption of the debt above quoted, for the amount last named and interest.

The facts are not disputed. On May 29, 1893, one Loveland, then owner, executed the deed of trust to secure his note of that date for $10,000, due three years after date, with interest notes, all payable to B. F. Hobart. Afterwards Loveland sold the property to Mrs. Hobart subject to the deed of trust, which she assumed to pay. Hobart sold the notes to the St. Louis Trust Company, and subsequently he and his wife sold the land to Mrs. Sweringen subject to the mortgage debt, which she assumed to pay. On April 1, 1896 (sixty days before maturity of the note), the St. Louis Trust Company agreed in writing with Mrs. Sweringen to extend the notes two years, and in consideration of the extension Mrs. Sweringen gave the trust company her individual notes for the interest that would accrue during the extended period, and wrote on the back of the principal note: ''St. Louis, April 1st, 1896. In consideration of the extension of this note to mature May 29, fixed, 1898, I hereby guarantee the payment of this note and all interest thereon,'' and signed it with her name. On the next day, April 2, 1896, Mrs. Sweringen sold the land to the plaintiff in this case, Higgins, with warranty of title except as to the $10,000 deed of trust, the deed reciting: ''the said Thomas C. Higgins assumes the payment of said $10,000 and interest thereon from April 1, 1896.'' In addition to that recital in the deed

to Higgins he executed a bond with personal security to Mrs. Sweringen for $10,000, conditioned that he would pay the mortgage debt. On February 8, 1897, Higgins conveyed the land to Evans, the defendant herein, by deed referring to the deed of trust, giving the book and page of its record, and reciting that "said Daniel Evans assumes the payment of said $10,000, and the interest thereon from February 8, 1897, and taxes for the year 1897." In January, 1898, Higgins conveyed the land by deed to one Green and in that deed the mortgage debt was referred to and there was a recital that Green assumed the payment of it.

This was the condition of the case when the mortgage note matured according to the extension, except that Hobart had in the meantime again become the owner of the original note and of Mrs. Sweringen's interest notes. Hobart brought suit against Mrs. Sweringen, Higgins, Evans and Green to foreclose the mortgage, and obtained a decree under which the property was sold for less than sufficient to pay the mortgage debt. Hobart sued Mrs. Sweringen on her guarantee of the mortgage note, and recovered judgment for the amount due, which Mrs. Sweringen paid, less the amount the property brought at the foreclosure sale. Then Mrs. Sweringen sued Higgins and the surety on his bond and recovered judgment for the amount of the bond, $10,000, to be satisfied on payment of the amount of damages assessed which, with interest and costs, amounting to $4,610.85, Higgins paid, and brings this suit to recover the same of his grantee Evans on his assumption. The plaintiff recovered judgment as prayed, and the defendant appealed.

I.   The point on which appellant chiefly relies is that the contract under which Mrs. Sweringen, in consideration of the extension, guaranteed the payment of the note, was such an alteration of the terms of the original debt as "to release the maker of the note and every privy of the maker—every one who stood in a rela-

tion of surety—from his obligation under it." It is also said in appellant's brief: "Mrs. Sweringen, for whom the alteration was made, assumed the new debt, and guaranteed its payment, and was alone obligated for it. For this new debt she could obligate her grantee only by special agreement with reference thereto which she did by requiring him to give bond binding himself to pay it. This was the only debt existing when appellant became respondent's grantee, and no contract whatever was made between them with respect to it."

The proposition is, the original mortgage debt was wiped out by the contract between Mrs. Sweringen and the trust company, and the latter contract was thereafter the only obligation in existence, and since the recital in the deed to Evans referred expressly to the original mortgage debt and no other he was not thereby obligated to pay the new debt that Mrs. Sweringen had created by her contract with the trust company.

The principle of law first advanced by the learned counsel is that if the holder of a note for a sufficient consideration makes a contract with the principal debtor, without the knowledge or consent of the surety, whereby the period for payment is extended beyond that expressed in the note, such contract releases the surety from his liability. That principle is well established. [Harburg v. Kumpf, 151 Mo. 16; Johnson v. Bank, 173 Mo. 171.]

It is also the law that when a grantee accepts a deed conveying land to him encumbered with a mortgage and the deed contains a clause reciting that the grantee assumes the payment of the mortgage debt, if it is a debt that the grantor was under obligation to pay, the grantee thereby becomes as to that debt the principal debtor and the grantor becomes the surety. And when that relation has been established, if the holder of the mortgage note with notice that the grantee has assumed the debt makes a binding agreement with him without the knowledge and consent of the

grantor, to extend the note, the rule of law first above stated applies to the case and the grantor as surety is released. [Pratt v. Conway, 148 Mo. 291, and cases cited.] And it has been said by this court in such case that: "While the mortgagee may release the mortgagor without discharging the grantee, his release of the grantee, or his valid extension of time to the grantee, without the mortgagor's consent, would operate to discharge the mortgagor." [Nelson v. Brown, 140 Mo. 580, l. c. 589-90.]

The liability of the grantee who accepts a deed containing such a recital applies also to successive grantees. "The principles applied between the mortgagee and the grantee of the land assuming the mortgage apply equally after the land has passed to another grantee, or to a series of grantees. A holder of a mortgage may sue a subsequent grantee, or any number of subsequent grantees, provided he can show in each case the elements essential to sustain an action against the first grantee; as, that he has assumed the payment of the mortgage, that his immediate grantor was liable, where such liability is essential," etc. [20 Am. and Eng. Ency Law (2 Ed.), 1000.] The same law-writer says also that if the grantor is not liable his grantee is not liable and cites in the note an array of authorities to sustain that proposition. [Id. p. 994.] But that question is not in this case because in all the successive grants in this case each grantor had assumed the payment of the mortgage debt.

But whilst the law is that if the creditor, without the knowledge and consent of the surety, should release the principal debtor, or make a valid agreement with him to extend the note, the surety would be thereby released, yet the creditor may release the surety, or make a valid agreement with him for further time, without affecting the liability of the principal. [Nelson v. Brown, supra; 27 Am. and Eng. Ency. Law (2 Ed.), 533.]

There is one other feature of the law on this subject to be noted in this connection, that is, that whilst the law implies an agreement on the part of the grantee to pay the mortgage debt from the fact that he accepts a deed reciting that he assumes to do so, yet that is not the only method by which he may become personally liable; he may so bind himself by a collateral agreement. [20 Am. and Eng. Ency. Law (2 Ed.), 990.]

There does not seem to be any difference between the learned counsel as to the legal principles above stated, the difference arises in the attempt to apply the law to the facts of this case.

In the deed from the mortgagor to Mrs. Hobart was the recital that Mrs. Hobart assumed the payment of the note; she thereby became the principal and the mortgagor the surety in the mortgage debt. In the deed from Mrs. Hobart to Mrs. Sweringen was a like recital and the result was that Mrs. Sweringen became the principal and Mrs. Hobart the surety. At the date of the contract of extension between Mrs. Sweringen and the trust company, Mrs. Sweringen was the principal debtor. Conceding that there was a sufficient consideration to support the contract of extension the effect of it was to release Mrs. Hobart and the mortgagor, for they were then only sureties, but it did not alter Mrs. Sweringen's attitude towards the mortgage note; she was still bound as principal to pay it, only she had an extension of time. After the contract of extension was made Mrs. Sweringen sold to the plaintiff and the plaintiff sold to the defendant; in each deed there was a recital of assumption of the debt and the only description given of the debt assumed was by reference to the mortgage on record; there was nothing on the face of either deed to show that the day of payment had been extended from May 29th, 1896, to May 29, 1898. So that when the defendant took his deed February 8th, 1897, he did not know but that the debt was

then past due, and that he then had the right to pay it, clear up his title and stop the running of interest.

If the relation of the defendant to the debt had been that of surety for its payment the agreement for the extension would have released him. But that was not his relation to the debt, his obligation was that of principal debtor, while his predecessors become, as to him, sureties. The case then turns on this question— is the defendant, who for a valuable consideration contracted as principal to pay the mortgage debt as described in the deed of trust, discharged from his obligation by the fact that its day of maturity had without his knowledge been extended?

He was not bound to do anything more than he agreed to do, but was he released from doing what he did agree to do because of this extension? He was not bound by the contract of extension. He had for a valuable consideration agreed to pay the note according to its tenor and effect. That was the contract between him and his grantor, and that contract, and that only, his grantor could enforce against him. And whatever right the holder of the mortgage note had as against the grantee was under that contract and that alone. Upon the acceptance of the deed containing the clause of assumption the defendant on the one hand became bound to pay the mortgage note according to its tenor and effect, and on the other, he acquired the right to pay it according to its tenor and effect and thus clear up his title and stop the running of interest. If at any time after he had taken his deed he had tendered to the holder of the note payment according to its face the interest thereon would have ceased to run.

In this suit the plaintiff, who was the grantor in the deed, sued on the contract which the defendant, the grantee, made, and asks judgment that the defendant be required to do what he agreed to do and nothing more. There is no demand here for payment of Mrs. Sweringen's interest notes or the interest on those

notes. If as suggested in appellant's brief the estimate of the balance due on the mortgage note after deducting the amount realized at the foreclosure sale includes interest on those interest notes and is therefore to that extent in excess of what the defendant rightly owes, that is a matter that should have been brought to the attention of the trial court; it is too late to raise it now.

The point is advanced in the brief of the learned counsel that by the contract of extension the original mortgage debt was extinguished and a new contract in which Mrs. Sweringen was first principal was substituted. We do not think that that was the effect of Mrs. Sweringen's contract. It was an agreement for extension of the original debt and not its extinguishment. We hold that the original mortgage debt was in full force when the defendant assumed to pay it, and that he is not released from his obligation by the agreement of extension.

II. It is also contended that the alleged contract of defendant is not binding on him because it is within the purview of that clause of the Statute of Frauds which requires all undertakings not to be performed within one year to be in writing signed by the party sought to be charged.

That construction of the statute would overturn all the law above discussed in reference to the effect of a clause in a deed reciting that the grantee assumed to pay the mortgage debt, or at least it would limit it to debts payable within a year. The obligation of the grantee in such case arises not from his direct promise to pay, but it arises by implication of law out of the fact that he accepted a deed with such a recital. What the law implies is not affected by the Statute of Frauds. [20 Am. and Eng. Ency. Law (2 Ed.), 992.]

We infer from the offer of proof by defendant, as shown in the record, that his real defense in the case

failed because by the death of the agent through whom the exchange of lands was effected the defendant lost the only witness by whom he could prove the affirmative defense pleaded in his answer, but we see no way of relieving against that misfortune.

We discover no error in the record. The judgment is affirmed.

All concur, except *Marshall, J.,* not sitting.