MURI, RECEIVER, APPELLANT, *v.* YOUNG, RESPONDENT.

(No. 5,823.)

(Submitted January 7, 1926. Decided January 22, 1926. Reargued March 15, 1926. Decided on Rehearing April 21, 1926.)

[245 Pac. 956.]

*Banks and Banking—Insolvency—Double Liability of Stockholders—Contract of Guaranty—Action to Recover Assessment—Attachment.*

Banks and Banking—Insolvency—Double Liability of Stockholders—Attachment Does not Lie.
1.  The double liability to the creditors of an insolvent state bank imposed by section 6036, Revised Codes of 1921, as amended by Chapter 9, Laws of 1923, upon a holder of stock in such bank, is in the nature of a guaranty, and therefore will not support an attachment as upon a contract for the direct payment of money in an action by the receiver to collect an assessment levied upon the stock of a delinquent stockholder.
Guaranty—Liability Imposed by Law—Written Contract—Statutory Requirement Inapplicable.
2.  Where a liability in the nature of a guaranty is imposed by law, it does not fall within the provision of section 8174, Revised Codes of 1921, requiring a contract of guaranty to be in writing.

---

[1] Attachment, 6 C. J., sec. 117, p. 87, n. 56; sec. 119, p. 88, n. 66. Banks and Banking, 7 C. J., sec. 82, p. 510, n. 39; sec. 85, p. 512, n. 65 New.
[2] Banks and Banking, 7 C. J., sec. 75, p. 507, n. 7, 8 New. Frauds, Statute of, 27 C. J., sec. 13, p. 130, n. 90 New. Guaranty, 28 C. J., sec. 1, p. 886, n. 6.

[75 Mont. 213.]

*Appeal from District Court, Rosebud County; Stanley E. Felt, Judge.*

ACTION by Daniel J. Muri, receiver of the Bank of Commerce of Forsyth, Montana, against Margaret Young. From an order dissolving an attachment, plaintiff appeals. Affirmed.

*Messrs. Loud & Leavitt* and *Mr. J. J. McIntosh,* for Appellant, submitted a brief and one upon rehearing; *Mr. Charles H. Loud* argued the cause orally.

*Messrs. Young & Young,* for Respondent, submitted a brief and one upon rehearing; *Mr. G. H. Young* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, *Amici Curiae, submitted a* brief.

MR. JUSTICE STARK delivered the opinion of the court.

It appears from the record that plaintiff is the receiver of [1] the Bank of Commerce, a banking corporation organized under the laws of this state, with its principal place of business at Forsyth, which is insolvent. Before the commencement of this suit proceedings had been duly taken for the levy of an assessment of 100 per cent upon the stock held by stockholders in the bank, under the authority of section 6036, Revised Codes of 1921, as amended by Chapter 9 of the Session Laws of 1923, which provides: "The stockholders of every bank shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. * * * In cases where a bank is liquidated by a court through a re-

ceiver, the receiver may by order of the court institute and maintain appropriate suits or actions in the courts of this state on behalf of the creditors of the bank against stockholders for the recovery and collection of stockholders' liability,'' *etc.* The receiver had been duly authorized by order of the court to collect the assessment on behalf of the creditors of the bank by suit or otherwise, pursuant to the provisions of the above section. The defendant was the owner of ten shares of the capital stock of the bank of the par value of $100 each. She failed to pay the amount of the assessment levied upon her stock, and the plaintiff brought this action to recover the same.

Upon the issuance of summons, plaintiff filed an affidavit and undertaking on attachment sufficient in form, whereupon a writ of attachment was duly issued by the clerk of the court and placed in the hands of the sheriff of the county, who executed it by levying upon the property of the defendant. In due time defendant moved the court to vacate and discharge the attachment on the ground that the complaint ''does not state facts sufficient upon which to base the issuance of an attachment.'' This motion was sustained by order of the court, and from this order the plaintiff has appealed.

Both parties agree that there is but a single question involved in this appeal, *viz.*: Is an action by a receiver for the enforcement of the stockholder's liability of a state bank of such a character as gives the right of attachment under the provisions of section 9256, Revised Codes of 1921, which provides: ''The plaintiff at the time of the issuance of the summons ＊ ＊ ＊ may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered ＊ ＊ ＊ , as follows: In an action upon a contract, express or implied, for the direct payment of money,'' *etc.*

Section 890 of the Code of Civil Procedure of 1895 is identical with section 9256, *supra*. In the case of *Ancient Order of Hibernians* v. *Sparrow*, 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197, the facts were that one White had agreed to furnish the material and construct a building. To secure the fulfillment of his contract he gave the owner an indemnity bond, executed by himself as principal, and the defendants as sureties, the condition of which was that if he should fully comply with the terms of the contract the obligation should be void, but otherwise to remain in full force. White defaulted and abandoned the contract. The owner was compelled to complete the building at a cost of $4,500, and for this breach of the contract had obtained judgment against White. Being unable to collect this judgment, the owner brought suit against the sureties on the bond and caused an attachment to be levied upon their property, which was, on motion of the defendants, discharged by order of the court. From this order the plaintiff appealed. This court, after a complete and thorough examination and analysis of the authorities, held that although the action was upon an express contract, since the defendants became liable only for the default of their principal, it was not such a contract as would sustain an attachment under that section of the Code. The rule announced in that case has been uniformly followed in subsequent decisions of this court. (*Bear Tooth Stock Co.* v. *Grosscup,* 57 Mont. 595, 189 Pac. 773; *Carter* v. *Bankers' Ins. Co.,* 58 Mont. 319, 192 Pac. 827; *Heffron* v. *Thomas,* 61 Mont. 10, 201 Pac. 572; *Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889.) In the case last cited the contract sued upon was one of guaranty, and it was held that such a contract, whether absolute or conditional, was "not a contract for the direct payment of money within the meaning of our attachment statute."

It is generally held, under statutes like ours, that the double liability of a stockholder in a corporation imposed by statute is a secondary one to be enforced only when the corporation has become insolvent and unable to pay its debts. (*Assets Realization Co.* v. *Howard,* 211 N. Y. 430, 105 N. E. 680; *Hirschfield* v. *Bopp,* 145 N. Y. 84, 39 N. E. 817; *Flynn* v. *American Bank & Trust Co.,* 104 Me. 141, 129 Am. St. Rep. 378, 19 L. R. A. (n. s.) 428, 69 Atl. 771; *Lynch* v. *Jacobson,* 55 Utah, 129, 184 Pac. 929; *Pyles* v. *Carney,* 85 W. Va. 159, 101 S. E. 174.) It is noteworthy that under the statute the stockholder is not made liable "on" the contracts, debts and engagements of the corporation, but "for" them.

Section 6036, *supra,* is almost identical with section 5151 of the Revised Statutes of the United States, which was in effect until amended by the Act of December 23, 1913. (Chap. VI, 36 Stats. at Large, 273.) Speaking of the nature of the liability imposed by this section, the supreme court of the United States in *McClaine* v. *Rankin,* 197 U. S. 154, 3 Ann. Cas. 500, 49 L. Ed. 702, 25 Sup. Ct. Rep. 410 [see, also, Rose's U. S. Notes], said: "The words of sec. 5151 do not mean that the stockholder promises the creditor, as surety for the debts of the corporation, but merely impose a liability on him secondary to those debts, which debts remain distinct, and to which the stockholder is not a party." Such is the rule in this state.

Section 4012, Revised Codes of 1907, was in effect the same as section 6036, *supra.* In the case of *Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282, in which section 4012 was under consideration, this court, speaking through Mr. Justice Holloway, said: "The creditor of a trading corporation must look to the corporation's assets for the discharge of his claim, but, in a sense, the creditor of a banking corporation has double security. He may look to all the assets of the bank in the first instance, and, if they are not sufficient, he may then call upon the stockholders to contribute a fund which

may equal the par value of the entire authorized capital. It is a reserve trust fund created for the benefit of creditors, and under our statute must be distributed ratably to all of them.''

Applying these established rules to the facts in the instant case, we have this result: When defendant purchased her shares of stock she in effect said, with relation to the liability imposed upon her by law: ''If the bank becomes insolvent and it be ascertained that it is necessary for me to do so in order to protect its creditors, I will, equally and ratably with the other stockholders, pay into a special fund for their benefit an amount of money, not exceeding the par value of my shares of stock, in addition to the amount I have already invested therein; in other words, if the bank does not and cannot pay its debts, I will do so to the limit of the par value of my shares of its stock.''

The liability thus imposed upon and assumed by the defendant is in the nature of a guaranty as defined by [2] section 8171, Revised Codes of 1921, which declares: ''A guaranty is a promise to answer for debt, default or miscarriage of another person.'' This liability being one imposed by law, is not within the provisions of section 8174, Revised Codes of 1921, which requires a contract of guaranty to be in writing. (27 C. J., p. 317, sec. 403; *Rayl* v. *Rayl*, 58 Kan. 585, 50 Pac. 501; *Higgins* v. *Evans*, 188 Mo. 627, 87 S. W. 973; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Fisher* v. *Wilson*, 18 Ind. 133.)

The liability which is made the basis of the plaintiff's cause of action falls directly within the rule heretofore laid down by this court in *Ancient Order of Hibernians* v. *Sparrow*, and *Square Butte State Bank* v. *Ballard*, cited above, and referred to with approval in *State ex rel. Barnett* v. *Reynolds*, 68 Mont. 572, 220 Pac. 525, to the effect that a contract of guaranty is not one for the direct payment of money within the meaning of section 9256, *supra*, and so will not support an attachment.

This conclusion is not at all in conflict with the decision in *Home State Bank* v. *Swartz,* 72 Mont. 425, 234 Pac. 281. The liability imposed by section 6109d, which was then under consideration differs from that involved in this case, in that the former imposes upon the stockholder a primary obligation running directly from him to the corporation and has none of the elements of a guaranty. The third paragraph of our syllabus of the decision in that case is misleading, as the double liability imposed by section 6036 was not there under consideration.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.