MILLER ET AL. *v.* STATE OF INDIANA, EX REL. McDONALD ET AL.

[No. 12,852. Filed January 13, 1928. Rehearing denied March 26, 1928.]

*Slaymaker, Turner, Merrell, Adams & Locke, Roy W. Adney* and *Ira M. Sharp*, for appellants.

*James E. Rocap* and *Rogers & Smith,* for appellees.

REMY, C. J.—Appellant Miller entered into a written contract with the Indiana State Highway Commission to furnish materials and construct a certain public highway. To secure the faithful performance of the contract, Miller, as principal and appellant Federal Surety Company as surety, executed a bond for $336,000 payable to the state of Indiana, the condition of the bond being as follows:

> "Whereas the above named George T. Miller did on the 15th day of November, 1922, enter into a contract with the State of Indiana, which said contract is made a part of this bond the same as though set forth herein. Now if the said George T. Miller shall well and faithfully do and perform the things agreed by him to be done and performed according to the terms of said contract, and shall pay all lawful claims of sub-contractors, material men and laborers, for labor performed and materials furnished in the carrying forward, performing and completing of said contract, we agreeing and assenting that this undertaking shall be for the benefit of any material men or laborers having just claims, as well as for the obligee herein, then the obligation shall be void, otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any and all claims hereunder shall in no event exceed the penal sum of this obligation as herein stated."

On February 23, 1923, Miller sublet to relators herein the furnishing of the necessary sand and gravel for the construction of the highway at and for an agreed price "per batch of thirty cubic feet," settlement to be made on the tenth day of each month for all sand and gravel used, up to the twenty-seventh day of the previous month, The highway under construction by appellant Miller,

and for which relators as subcontractors were to furnish the sand and gravel, is described in the contract between Miller and the relators as "a cement roadway on the Jackson highway, between Thirty-eighth street, Indianapolis, Indiana, and the Zionsville road one and one-half miles north of Royalton." Pursuant to their contract, relators did furnish the necessary sand and gravel from May 2, 1923, to December 3, 1923, for which payments were made as agreed, up to August 27, 1923, but thereafter, no payments having been made, relators instituted this action against appellants on the bond. The bond, the written contract between Miller and relators, and an itemized statement of the sand and gravel furnished, are made exhibits to the complaint. Miller, in addition to a denial, pleaded payment, and filed a counterclaim. The surety company answered by denial, and filed a cross-complaint against Miller setting up suretyship. To Miller's plea of payment and to the counterclaim, there were replies in denial. Trial resulted in a verdict and judgment for $13,000 in favor of relators.

Overruling motion for new trial is assigned as error.

It is to be observed that the contract between appellant Miller and the Indiana State Highway Commission for the construction of the highway in question is by the express terms of the bond made a part thereof. The contract is not, however, made a part of the complaint. When on the trial relators offered the contract in evidence, appellants objected to its admission on the ground that it had not been pleaded, calling attention to §113 of the Code of Civil Procedure, §386 Burns 1926, which provides: "When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." This section of the Code does not, as assumed by appellants, require that in an action on a contract it is

necessary to set out in the complaint every instrument which is by the terms of the contract made a part thereof. Only those which in some way form the foundation of the action must be pleaded. *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Wilson* v. *Wilson* (1882), 86 Ind. 472; *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138, 56 N. E. 129; *Walter A. Wood, etc., Co.* v. *Irons* (1894), 10 Ind. App. 455, 36 N. E. 862, 37 N. E. 1046. In the instant case, the action is on the bond, the breach complained of being the failure of Miller to pay relators for the sand and gravel furnished. It is not the theory of the complaint that relators' right of action against appellants is for breach by Miller of his contract to construct the highway. It was not error to admit the contract in evidence.

It is contended by appellant surety company that the bond sued on is void, and that no action can be maintained thereon for the reason that it is within the statute of frauds, in that it contains, neither in itself nor by reference, a description of the highway to be constructed and for which the material was furnished by relators, thus making necessary the introduction of parol evidence in an action on the bond. In support of this theory, appellant surety company, on the trial of the cause, tendered the following instruction: "A contract of suretyship is a contract to answer for the debt, default or miscarriage of another, and under the Indiana statute of frauds, must be in writing and signed by the surety in order to be binding upon it. Furthermore, it is necessary that the written contract signed by the surety should contain the complete contract between the parties, or that said contract of suretyship should refer to some other writing containing any elements of the contract not contained in the contract of suretyship itself. I instruct you, therefore, that unless the bond executed by defendant Federal Surety Company, in this case,

together with the contract between the Indiana Highway Commission and George T. Miller introduced here in evidence, in and of themselves, and without reference to any oral testimony adduced in the case, sufficiently identify the work to be performed by the said George T. Miller under that contract, including the particular project covered by said contract, then there can be no recovery against defendant Federal Surety Company in this cause, for the reason that the complete contract of suretyship is not in writing and the statute of frauds, therefore, is not satisfied."

The court refused to give the instruction, and upon this ruling error is predicated.

The bond in suit is not a voluntary common-law agreement between the parties; it is a statutory undertaking required by §74 of the act of 1905, concerning highways, (Acts 1905 p. 521, §8393 Burns 1926. The statute provides that one who submits a bid for the highway improvement shall give a bond payable to the State of Indiana, in a penal sum equal to double the sum of his proposal, with sufficient sureties, "conditioned for the faithful performance of the work in accordance with the profile and report and plans and specifications therein set forth, which bond shall be for the benefit of any person or corporation who shall suffer loss or damage by reason of any failure or neglect of such bidder to enter into a proper contract to perform such work or to carry out the same in any particular, or to pay for any labor or material therefor that shall have been furnished either to him or to any subcontractor, agent or superintendent. If the proposal includes more than one highway or improvement, one bond covering all shall be sufficient." Ordinarily, it is only common-law agreements that come within the meaning of the statute of frauds. As has been well stated by the editors of a reputable text: "The statute

of frauds applies only to common-law agreements and not to instruments created by and deriving their application from special statutes without the acceptance or assent of the party for whose ultimate benefit they are given." 27 C. J. 317. The leading case in which the question is considered is *Thompson* v. *Blanchard* (1850), 3 Comst. (N. Y.) 335. In that case, Isaac W. Thompson had been given a judgment against Leonard Blanchard. An appeal was prayed by Blanchard, the appeal bond being signed by Henry E. Blanchard and two others. The bond was drawn with reference to, and in the form prescribed by, the section of the New York code providing for appeal bonds. The consideration was not expressed in the written bond, and on that ground Thompson moved that the appeal be dismissed. In the course of the opinion, the New York Court of Appeals said: "The legislature, in the section referred to, have said that an undertaking, to the effect prescribed, shall be effectual. We have no authority to add other conditions. If it be said that such an instrument would not be obligatory by the statute of frauds, the very obvious answer is, that the legislature of 1848 had the same power to restore the common law, as to this class of securities, that their predecessors had to abolish it. The undertaking prescribed by the 335th section is a statutory security and not a common-law agreement. Agreements which derive their obligation from the common law, and no others, are enumerated in our statute, and required to be made in writing, expressing a consideration. . . . The objection I am considering assumes that the undertaking in question falls within one of the classes of *agreements* there specified. It has however been generally supposed, that the assent of more than one party is essential to the validity of an agreement at common law. . . . What possible application, therefore, has the statute designed to prevent frauds and per-

juries in reference to common-law contracts, to an undertaking, the contents and legal effect of which are written on the face of the statute?"

The same court had the question under consideration in another case: *Doolittle* v. *Dininny* (1865), 31 N. Y. 350. That was an action upon a statutory bond given upon an appeal to the county court from a judgment rendered by a justice of the peace. In its opinion, the court used the following language: "It is now insisted upon by the appellant, that the instrument upon which the plaintiff seeks to recover is void by the statute of frauds; that this is a special promise to answer for the debt, default or miscarriage of another person, and it is void, because no consideration is expressed in the written undertaking of the party sought to be charged. There is no force in this objection. The undertaking is prescribed by statute, and the object in giving it was to procure a stay of execution upon the judgment in the justice's court. This undertaking was executed in conformity with the provisions of section 356 of the Code, and section 357 declares the delivery of the undertaking shall stay the issuing of execution. Now, the precise point made in the case at bar, was presented to this court for its consideration in *Thompson* v. *Blanchard* (3 Comst. 335). It was there held that where a statute requires an undertaking to be entered into by sureties in order to give a right of appeal, an instrument containing the requisite stipulations is valid, although it does not express a consideration and is not under seal, and that the statute of frauds applied only to common-law agreements where the consideration was the subject of mutual agreement between the parties, and not to instruments created under and deriving their obligation from special statutes, without the acceptance or assent of the party for whose ultimate benefit they were given."

*Johnson* v. *Noonan* (1863), 16 Wis. 722, was a case in

which the same question was presented. In its discussion, the Supreme Court of Wisconsin, among other things, said: "The respondent's counsel also urged that such an undertaking is within the statute of frauds, as an agreement to pay the debt of another, and that it must be held void for not expressing the consideration. He entered into an elaborate argument to show that the dissenting opinion of Judge Bronson in *Thompson* v. *Blanchard*, 3 Comst. 335, was better law than the opinion of the court. But the argument was more ingenuous than sound, and we are entirely satisfied with the decision of the majority in that case, to the effect that such an undertaking is not within the statute of frauds."

See, also, *Bildersee* v. *Aden* (1872), 62 Barb. (N. Y.) 175; *Johnson* v. *Ackerson* (1870), 40 How. Pr. (N. Y.) 222; *Muri* v. *Young* (1926), 75 Mont. 213, 245 Pac. 956.

In the case at bar, the bond sued on is what is termed a bidder's bond, an obligation to be submitted by a bidding contractor along with his bid for the construction of the improvements. If the contract is awarded to the bidder, the bond thus given becomes the bond for the faithful performance of the work; no other or additional bond is contemplated. The statute does not require that the bond shall contain a description of the highway to be constructed; nor is liability on the bond made to depend upon the execution by the bidder of a written contract, much less a written contract of any particular form. It is specially provided by the statute that the bond shall be for the benefit of any one who shall suffer loss by reason of the failure or neglect of the bidder to enter into a "proper contract" to perform the work or to carry out the same in any particular.

In support of its contention that the bond sued on is a promise to answer for the debt or default of another, and is unenforceable because within the statute of frauds, appellant surety company cites *Everley* v. *Equitable*

*Surety Co.* (1921), 190 Ind. 274, 130 N. E. 227; *Wainwright Trust Co.* v. *United States, etc., Co.* (1916), 63 Ind. App. 309, 114 N. E. 470. The cases cited are readily distinguished from the case under consideration. In neither of those cases was the bond a statutory undertaking. In each, the bond in suit was the obligation of a subcontractor given to the principal contractor, and was, therefore, in each case a common-law contract. In the instant case, the bond is a statutory undertaking, and in form follows the wording of the statute, and the action on the bond is by the subcontractor who was not a party to the bond contract, but came within one of the classes for whose benefit the statute required the bond to be given.

We hold that, under the facts of this case, the bond, being a statutory obligation, and drawn in the language of the statute, the action thereon is not an action to charge the surety company upon any special promise to answer for the debt, default or miscarriage of another, within the meaning of the statute of frauds of this state, and that the court did not err in refusing to give the tendered instruction.

The instructions given by the court, taken as a whole, fairly state the law of the case, and there is competent evidence to sustain the verdict.

We find no reversible error.

Affirmed.